EASTERN DIST.
June, 1836.

LA. COLLEGE
vs.
KELLER.

LOUISIANA ' COLLEGE vs. KELLER.

APPEAL FROM THE COURT OF THE THIRD JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING. ..

The defendant subscribed five hundred dollars to a paper, in which he
promised to pay this sum to any person who might be appointed to
receive the same, on behalf of a college, to be established at Jackson, in
Louisiana, on the express condition that the college should be established
at the next session of the legislature; the legislature, at its next session,
did establish and endow a college: *Held*, that the defendant was bound
by his engagement to pay the sum subscribed by him.

An obligation is not the less binding, although the consideration or cause is
not expressed in the instrument.

The expectation of deriving advantage from the establishment of a college
or literary institution near one's residence, or the desire to promote edu-
cation and become the patron of letters, and such like, when the object is
lawful, form a valid consideration to render a contract for the payment of
a sum of money, binding.

In contracts of beneficence, the intention to confer a benefit is a sufficient
consideration.

This is an action instituted by the trustees of the Louisiana
college, established at Jackson, in East Feliciana, to recover
from the defendant the sum of five hundred dollars, the
amount of his subscription to said college.

The action is brought on the following instrument of
writing:

"We, the subscribers, agree and bind ourselves to pay the
sums severally annexed to our names, to any person or
persons who may be appointed by the legislature of the state
of Louisiana to receive the same, in behalf of a college,
which may be established in the town of Jackson, East Feli-
ciana. It is, however, expressly understood, that no
obligation is hereby created against the subscribers, unless

the said legislature do establish a college with an endow- ment, in the said town, at their next session.  And, if a college be established, as aforesaid, we waive all informality in this obligation; those who subscribe two hundred dollars, or under, to pay in equal instalments of one and two years; those who subscribe over two hundred dollars, to pay the amount of their subscriptions in annual instalments of one hundred dollars, subsequent to the passage of a bill relative to said institution."      "Jackson, 6th September, 1824."

"*Names.      Place of Residence.      Donation.*"
"H. Keller,        Jackson,        Five hundred dollars."

The above paper was signed by many other subscribers.

On the 18th February, 1825, and at the next session after the defendant subscribed the said subscription paper, the legislature passed a law "To incorporate the College of Louisiana, and for other purposes," which located the college at the town of Jackson, in the parish of East Feliciana.

The defendant having failed and refused to pay his said subscription, on the 18th March, 1831, a formal demand was made on him, and a protest entered on the instrument by the parish judge, acting as a notary public, for non-payment thereof.

The defendant pleaded a general denial; that he was not bound by said instrument of writing, which is a *nudem pactum*, given without consideration; and further, that the plaintiffs were not authorized to collect and demand payment of said money.  He further pleaded the prescription of five years, and that the action on said writing is prescribed by the lapse of five years.

The district judge, on these pleadings and issues, gave judgment for the plaintiffs.  The defendant appealed.

*Downs* for the plaintiff.  The obligation of the defendant was subject to only one condition, and that was accomplished by the act incorporating the college of Louisiana, and the

EASTERN DIST.  actual establishment of the same at Jackson.  The obligation
June, 1836.  of the defendant then became absolute.

LA. COLLEGE
vs.
KELLER.

*Boyle*, for defendant.

1. The agreement of the appellant, upon which judgment
was given in the court below, was an imperfect obligation,
which could not be enforced in a court of justice.

2. It was without legal and sufficient consideration to
render it valid and binding.

3. It did not become binding on the maker, for want of an
acceptance of its conditions by the party to whom it was
made.  1 *Louisiana Reports*, 190.

4. There was no party *in existence* capable of accepting or
enforcing its conditions.

The defendant
subscribed five
hundred dollars
to a paper, in
which he pro-
mised to pay this
sum to any per-
sons who might
be appointed to
receive the
same, on behalf
of a college to
be established at
Jackson, in Lou-
isiana, on the
express condi-
tion that the col-
lege should be
established at
the next session
of the legisla-
ture; the legis-
lature at its next
session did esta-
blish and endow
a college: *Held,*
that the defend-
ant was bound
by his engage-
ment to pay the
sum subscribed
by him.
An obligation
is not the less
binding, al-
though the con-
sideration  or

*Bullard, J.*, delivered the opinion of the court.

This suit is brought to recover of the defendant a sum of
five hundred dollars, which he promised to pay to any person
or persons who might be appointed by the legislature of the
state of Louisiana to receive the same, on behalf of a college
which may be established in the town of Jackson, in East
Feliciana.  This engagement, which was subscribed by the
defendant, in common with various other citizens, for
different amounts, was on the express condition that the
legislature should establish and endow a college at Jackson,
at its next session.

The defendant, in his answers, admits that he signed the
paper, as alleged, but he denies all the other allegations set
forth in the petition.  He denies that the plaintiffs are
authorized to collect, demand or receive the amount, and
avers that there is no valid and binding contract, and that
his promise was without consideration and void.

The legislature did establish and endow a college at
Jackson, at the session next succeeding the date of the
subscription.  The plaintiffs were constituted a body corpo-
rate by that act, and authorized to administer the affairs of
the college, and to appoint a treasurer; and although not

expressly empowered to collect the subscription in question, yet we have no doubt the intention of the subscribers was to aid in the establishment of such a college, by adding the amount of their subscriptions to such sum as the legislature might grant for that purpose.

But the defendant seeks to avoid the payment of the sum subscribed by him, under the plea that his promise was without consideration and is not binding on him. An obligation, according to the Code is not the less binding though its consideration or cause is not expressed. We are not informed as to the consideration of this promise, by any thing on the face of the papers. It may have been the advantage the defendant expected to derive from the establishment of a college at his own door, by which he would save great expense in the education of his children, or it may have been a spirit of liberality and a desire to be distinguished as the patron of letters. Whatever it may have been, we see nothing illicit in it ; nothing forbidden by law, and the promise binds him, if he consented freely, and the contract had a lawful object. In contracts of beneficence, the intention to confer a benefit is a sufficient consideration.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*June*, 1836.

The expectation of deriving advantage from the establishment of a college or literary institution near one's residence, or the desire to promote education and become the patron of letters and such like,. when the object is lawful, form a valid consideration to render a contract for the payment of a sum of money binding.

In contracts of beneficence, the intention to confer a benefit, is sufficient consideration.