BREAUX, C. J.
Mrs. Hanna M. Burbank, executrix, and her husband, James M. Wood-son, executor, and W. S. Rowland, guardian of the estate of Mary Stringer Burbank, a minor, are the appellants. They complain of the account of tutorship filed by Mrs ■ Josephine Ernst, grandmother of the minor. Mrs. Ernst, tutrix, asked the court to homologate her account. She shows that, in a partition of the estate of the late E. W. Burbank and wife, the net capital amounted to $86,402.17. The account was homologated.
Appellants appealed from the judgment homologating the account, and alleged that *524 they are aggrieved, and asked that the judgment approving the account of Mrs. Ernst, as tutrix and as administratrix of the estate of T. Scott Burbank, be reversed, and the case remanded, after having rejected alleged illegal items mentioned by appellants. These consist of a fee of attorney, in amount $1,500, for services rendered in other proceedings by other attorneys than those in the present appeal. The appellants also objected to the fee of a notary, $000, and, to the inheritance tax due, it is stated by T. Scott Burbank and the minor in the succession of Mrs. T. W. Burbank. Appellants also opposed other charges for holding a family meeting, for an inventoi’y, and other costs.
[1] Mrs. Ernst, tutrix, appellee, urged in opposition to the. demands of appellants that they have neither pleaded nor shown an interest in taking this appeal.
We are of opinion that as these appellants are executors and representatives of the minor in another jurisdiction, and as they allege that they are acting in the interest of the minor, they should be heard. Minors are entitled to all the protection which relatives seek to give them, if it.be really a protection they seek, and not a needless interference. Moreover, the cause is before the Supreme Court of the United States on a writ of error, without supersedeas. The questions, it follows, are not yet entirely settled, although finally settled by the state courts. Considering bare possibilities, we have deemed it proper to let appellants be heard.
We think that the interest is sufficient to maintain the appeal.
[2] Another question is suggested for determination: Should the account have been advertised as the account of a tutrix administering an estate?
The account was filed under article 356 of the Civil Code as an annual account. It was approved by the undertutor. An annual account, under the article cited, need not be advertised. The account is not final. Illegalities or excessive charges do not bind the ward. The annual account is a record and reminder of the amounts collected and the amounts expended. It is only prima facie correct.
[3]Returning to the fee of attorney and other charges, approved by the tutrix and undertutor, and by the court also, there is no evidence before us of the extent, value, and for whose account services were rendered. He (the attorney) acted as attorney; and the contention is that, in matter of the settlement of the succession, his services were üenefieial to the succession and to the minor.
The minor before named was the only heir of the decujus. In rendering services to the estate, the attorney, it is not difficult to infer, benefited both her interests and those of the estate.
Mr. Billings, attorney, testified in support of his own opposition that he and the attorney rendered services together. The record before us would not justify us in rejecting the demand. The notary’s fee was not discussed at any length. While high with the evidence before us, we will not attempt to reduce the amount.
The tutrix is under heavy bond. In a few years, we judge from the age of the minor, she will have to render an account to her ward. It will not be binding upon the ward, except to the extent that the administration has been proper and legal.
Appellants also urged objection to costs incurred at the instance of the aunt of the ward, who brought suit in order to obtain the appointment of tutrix. Although she failed, under the facts and circumstances of this case, we do not think that the limited account of costs should be deducted from the account. It was approved by the district judge, and we think it should remain as approved.
*526 The inheritance tax is another item on which appellants urge an objection. This tax was deducted in the partition proceedings. The tutrix, in accounting for the sum received, stated that the amount had been paid. She received the total, less the inheritance tax. That is, she charged herself with the balance after deduction of the inheritance tax made in the partition proceedings. As we read the account, there is no double charge. But, if the amount has been paid (we do not see how it can be), it certainly cannot be charged a second time; and, if there is anything of the kind, the amount should not be credited.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is affirmed at appellants’ costs.