34 So.2d 790

INTERDICTION OF MAESTRI.
No. 38721.

Feb. 16, 1948.

John T. Charbonnet and Frederick J. Gisevius, Jr., both of New Orleans, for opponents and appellants.

Felix W. Gaudin, of New Orleans, for Mr. and Mrs. Walter S. Maestri, claimants.

Guy J. D'Antonio, of New Orleans, in pro. per. for defendants-appellees.

PONDER, Justice.

This is an appeal from a judgment dismissing an opposition to a provisional account of a curator for an interdict.

The National Bank of Commerce in New Orleans, curator for the interdict Eva Maestri, filed a provisional account on May 14, 1946, which was approved by the under curator. Two nieces and a nephew of the interdict opposed two items on the account, an item for attorney's fees and an item for board and lodging. On hearing of the opposition, it was rejected by the lower court and the opponents have appealed. After the appeal was lodged in this Court, the curator filed an exception of no cause or right of action directed at the opponents' right to pursue the oppo-

sition on account of lack of real or actual interest.

It appears that the interdict has living brothers and sisters, as well as a number of other nieces and nephews, besides the three opponents. These other relatives have not indicated any opposition to the account. The sole allegation upon which the opponents rely for their right to pursue the opposition is to the effect that they are nieces and a nephew of the interdict. They do not claim to be creditors or show any other interest which would entitle them to pursue the opposition.

Article 15 of the Code of Practice provides:

"An action can only be brought by one having a real and actual interest which he pursues, but as soon as that interest arises, he may bring his action."

There are many cases cited under this article of the Code of Practice, holding to the effect that an action can only be brought by one having a real and actual interest which he pursues. There are also authorities cited thereunder to the effect that the allegations of the petition must set forth a cause of action by allegations showing some actual interest in prosecuting the suit. The opponents have no real or actual interest in the property of the interdict and could not be benefited or injured by the allowance or disallowance of these claims.

Curators of interdicted persons are governed by the rules applicable to tu-

tors of minors. Article 357, R.C.C. In effect he holds a civil office which endures during his curatorship. It is well settled that an interdict or minor is not bound by an annual account. The curator has to give a final accounting at the end of his administration and any injury that the interdict might suffer by an improper administration may be raised and the curator held liable therefor. If any and every relative of an interdict or a minor had the right to oppose accounts, it would result in some instances in the dissipation of the interdict's property. Especially would this be true in cases where there were disputes and enmity between the relatives.

The only authority cited by the opponents to support their right to pursue the opposition is the case of Succession of Burbank, 132 La. 521, 61 So. 557, 558, wherein the executrix of a succession, being administered in another jurisdiction, in which a minor had an interest, and the guardian of that minor in another jurisdiction opposed an account of the tutrix of the minor in a court of this State. Even in that case there was some doubt whether they had the right to pursue the opposition, as will be seen by the following statement, made therein:

"Moreover, the cause is before the Supreme Court of the United States on a writ of error, without supersedeas. The questions, it follows, are not yet entirely settled, although finally settled by the state courts. Considering bare possibilities, we have deemed it proper to let appellants be heard."

The opponents in that case were representatives of the minor. In the present case the opponents are not and do not contend that they are acting in any representative capacity.

For the reasons assigned, the exceptions are maintained and the judgment of the lower court is amended so as to dismiss the opposition. All costs to be paid by the opponents.

O'NIELL, C. J., absent.