JOHNSON, Judge.
The plaintiff has appealed from a judgment of the Civil District Court for the Parish of Orleans dismissing plaintiff’s suit.
The pertinent allegations of plaintiff’s petition are as follows:
“The petition of DILLARD UNIVERSITY, a nonprofit corporation organized under the laws of the State of Louisiana and domiciled in the City *712 of New Orleans, respectfully represents that:
“I.
“The defendants, Local Union 1419, International Longshoremen’s Association, hereinafter referred to as Union, an unincorporated association domiciled in the City of New Orleans, and Clarence Henry, a resident of the City of New Orleans, domiciled therein, and of full age and majority, are justly and truly indebted in solido unto your petitioner in the sum of Eight Thousand Four Hundred and No/100 ($8,-400) Dollars, with legal interest from date of judicial demand, for the following, to-wit:
“II.
“Petitioner owns and operates Flint-Goodridge Hospital, a charitable hospital domiciled in the City of New Orleans.
“III.
“On or about March 13, 1958, defendant Clarence Henry, duly authorized and acting in his capacity as president of the defendant Union, bound himself and/or the defendant Union to pay Ten Thousand and No/100 ($10,-000) Dollars to petitioner to be used in the construction of additional portions to the Flint-Goodridge Hospital.
“IV.
“Said obligation is evidenced by a pledge card, dated March 13, 1958, in favor of Flint-Goodridge Hospital Expansion Fund, which pledge card is attached hereto and made a part hereof.
“V.
“Said obligation was in consideration of the gifts and pledges of others as well as for the benefit of Clarence Henry and the individual members of the Union. In reliance upon his pledge and similar pledges, petitioner expended sums of money as part of the Flint-Goodridge Hospital Expansion Plan.”
The written obligation or pledge attached to plaintiff’s petition is copied in full, as follows:

*713 The defendant filed an exception of no cause of action and the trial Court rendered judgment maintaining the exception and dismissing plaintiff’s suit.
It will be noted that the petition does not allege that plaintiff is the owner of the obligation sued on and there is no allegation otherwise that would form the basis for the introduction of evidence that plaintiff owns the claim and is entitled to collect the amount. Plaintiff’s name does not appear in the written pledge and there is no endorsement or assignment at all to Dillard University.
In the case of Interdiction of Maestri, 213 La. 313, 34 So.2d 790, it was held that an action could only be brought by one having a real and actual interest and the petition must show such interest.
Article 681 of the LSA-Code of Civil Procedure says: “Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.”
The petition alleges that Dillard University owns and operates the Flint-Good-ridge Hospital and that the hospital is domiciled in New Orleans. If the hospital can acquire a domicile it must be a legal entity, and the question arises, if that be true, should the Flint-Goodridge Hospital, or Dillard University, or the Flint-Goodridge Hospital Expansion Fund (if it is a legal entity) bring a suit to collect the claim?
The petition says that the pledge sued on bound the defendants to pay $10,-000.00 to petitioner, but that is not true. The pledge does not say that in so many words. While in considering an exception of no cause of action, the allegations of a petition are accepted as true, but we cannot accept that allegation as true because the written obligation forming the basis of this suit is attached to the petition, and words of an exhibit attached to and forming part of a petition control the allegations with reference thereto, if there is any conflict in the language of the allegation and of the exhibit.
Flint-Goodridge Hospital Expansion Fund is the promisee or payee. Petitioner is not named in the document at all. In this connection, we are not impressed with the oral argument by counsel that Flint-Goodridge Hospital Expansion Fund is only the name of the bank account and that a valid obligation cannot be made to a bank account. There is no stipulation in the document and no allegation of the petition that the payee or the pledgee is nothing more than a name of a bank account. We think the petitioner should explain who or what constitutes the Flint-Goodridge Hospital Expansion Fund in order to be able to offer evidence with respect thereto. It would appear that in the preparation of the pledge card to be signed by one desiring or willing to contribute to a worthy cause, the provisions of the obligation should be specific, but we are not ready to hold here that in the absence of more specific and understandable explanation as to the actual payee named in the pledge that the signer is relieved of liability thereon. It is reasonable to assume that upon proper allegation evidence would be admissible to show what is meant by the name of Flint-Goodridge Hospital Expansion Fund. To exclude evidence on proper allegations and to uphold the defense that there is no payee or promisee and that the signer does not owe anybody anything would be carrying a technicality entirely too far.
Counsel for defendant argues that there is no legal consideration expressed either in the petition or in the written pledge attached to the petition, and, therefore, he says, the pledge is invalid. While the facts in the case of Louisiana College v. Keller, 10 La. 164, are not the same as the facts in this case so far as can be noted now, and the promisee in that case was apparently a legal entity, the Court in that case on the general subject, of consideration said that: “In contracts of beneficence, the intention to confer a benefit is a sufficient consideration.’”'
*714 While the trial Court was manifestly correct in maintaining the exception of no cause of action, we believe that a technical defect in the allegations of a petition should not lock the door against another opportunity to proceed by another suit on proper allegations; we think the judgment should have been a dismissal of the suit as of nonsuit.
The application of the legal effect of nonsuit is made in Woodruff v. Producers’ Oil Co., 142 La. 368, 76 So. 803, 805, where that decision quotes from Laenger v. Laenger, 138 La. 532, 70 So. 501, as follows:
“A judgment sustaining an exception of no cause of action on the technical ground that the plaintiff omitted a necessary allegation is, in effect, a judgment of nonsuit, and does not prevent the plaintiff’s renewing his demand on sufficient allegations.”
For these reasons the judgment is amended to dismiss plaintiff’s suit as of nonsuit and as thus amended the judgment is affirmed. The costs of^ appeal to be paid by defendants.
Amended and affirmed.