THE PEOPLE OF THE STATE OF NEW YORK ex rel. TOWN OF CANDOR, by HERBERT W. FOOTE, Supervisor, Relator, v. THE BOARD OF SUPERVISORS OF THE COUNTY OF TIOGA, Respondent.

Third Department, March 7, 1923.

**Towns — certiorari to review action of board of supervisors in including charges for maintenance of certain minor truants in items levied against town of their residence — truants under sixteen years were committed by justice of peace for two years to approved institution — bills in question were for maintenance after expiration of commitment — detention after expiration of commitment was illegal and town was not liable for maintenance — audit annulled and county directed to reimburse town under authority of Civil Practice Act, § 1306.**

A town is not liable for the maintenance of certain minor truants, who were committed to an approved institution by a justice of the peace, for the time which they were detained after the expiration of the period of commitment, and the county cannot levy said charges, which it has paid, against the town and include them in the tax warrant, for the detention of the children after the expiration of the term was illegal and no obligation rested upon the county to pay the charges, and it cannot, even though it pays them, recover the same from the town in which the truants reside.

704 PEOPLE EX REL. TOWN OF CANDOR *v.* BOARD OF SUPERVISORS.

Third Department, March, 1923.          [Vol. 204

Though the tax warrant which included the items in question has been executed and the money paid over to the county, the litigation is not academic, for the court has power under section 1306 of the Civil Practice Act to order and enforce restoration; and, therefore, the audit of the board of supervisors should be annulled and the county required to restore to the town the moneys illegally collected.

CERTIORARI issued out of the Supreme Court and attested on the 6th day of February, 1917, directed to the board of supervisors of the county of Tioga, commanding said board to certify and return to the office of the clerk of said county all and singular its proceedings had in reference to charging the town of Candor for the support and maintenance of certain minors committed to the Western New York Society for the Protection of Homeless and Dependent Children at Randolph, N. Y.

*Andrews & Ellis* [*Archibald Howard* of counsel], for the relator.

*Hill & Parker* [*John M. Parker* of counsel], for the respondent.

HASBROUCK, J.:

Four girls under sixteen and of school age, having become truant, were adjudicated disorderly persons and were committed by one Fessenden, justice of the peace of the town of Candor, county of Tioga, for not to exceed two years to the Western New York Society for the Protection of Homeless and Dependent Children at Randolph, N. Y.

The county of Tioga has paid for their maintenance under commitments as shown by the following schedule; and has issued tax warrants against the town of Candor to reimburse itself for such outlay.

| Truants | Committed | Expiration | Bill to | Amount |
|---|---|---|---|---|
| Bossie Gordon | May 25, 1914 | May 25, 1916 | Nov. 1, 1916 | $74 59 |
| Emeline Harris | May 22, 1913 | May 22, 1915 | Nov. 1, 1916 | 268 74 |
| Mabel Lynch | May 17, 1912 | May 17, 1914 | Mar. 5, 1915 | 67 22 |
| Jessie Lisk | May 17, 1912 | May 17, 1914 | Jan. 21, 1915 | 48 69 |

In 1916 the Western New York Society presented bills to the county of Tioga for the maintenance of these girls for the charges above specified for their detention by said society after the expiration of such commitments.

The board of supervisors audited and paid the bills and by resolution charged them against the town of Candor.

The town has sued out a writ of certiorari to review the legality of the action of the county in including such charges among the items levied against said town for the year 1916. The county has moved at Special Term to quash the writ and said motion having been denied the county has made a return. There is thus but a single issue of law presented for determination.

The question is, should the town of Candor be compelled to reimburse the county for the payments made by it for the maintenance of these girls. Section 635 of the then existing Education Law* provides for the commitments of children between seven and sixteen years of age to an orphans' home or similar institution, which institution by section 14 of article 8 of the Constitution and section 9 of the State Charities Law must be certified by the State Board of Charities to have complied with their rules. Such certification appears annexed to the petition herein. Subdivision 9 of section 635 of the Education Law provides: " The expense attending the commitment and cost of maintenance of any truant residing in any city, or district, employing a superintendent of schools, shall be a charge against such city, or district, and in all other cases shall be a county charge."

The return shows that the town of Candor does not employ a superintendent of schools. It is thus apparent that the county of Tioga found no warrant in the Education Law upon which to base its claim for reimbursement against the town of Candor.

The commitments under which these girls were sent to the Western New York Society under the Education Law were not required to be made by a police magistrate unless the truant was a habitual or incorrigible one. In any other case the commitment should be made by the school authorities under the provision of section 635 of the Education Law. (*People ex rel. Horton v. Fuller*, 41 App. Div. 406.)

The commitments in the case under consideration were made under the provisions rather of section 56 of the Poor Law (as amd. by Laws of 1909, chap. 347). It provides, in substance, that any child under sixteen years of age, " truant or disorderly person," shall be committed to some institution by any magistrate who shall give notice to the superintendent of the poor of the county in which the commitment was made, giving the name and age of the person committed, to what institution, and the time for which committed; and such person shall remain at such institution at the expense of the county or town to which such poor child is chargeable.

In the case at bar there was no power under the Education Law to adjudicate any of these girls disorderly persons. Under the Poor Law, section 56, such power may be spelled out. Whether committed under section 635 of the Education Law, as the commitments read, or under section 56 of the Poor Law, as the conduct of the justice shows, makes no difference in the determination of the question at issue.

---

* Since amd. by Laws of 1917, chap. 563, and Laws of 1921, chap. 386.—[REP.

45

The Western New York Society was vested with no power to detain any of these girls after the expiration of the term for which she was committed. It was the duty of the society to discharge them. If it kept them it did so illegally and had no claim against any municipality for maintenance. The board of supervisors of Tioga county were under no legal obligation to pay the bills presented by the society for the maintenance of the persons committed. It was purely a volunteer and without any right of recovery or reimbursement from the town of Candor.

Since the county was without power to pass along to the town the expense it had paid for the maintenance of these girls while they were unlawfully detained, its act in including such charges among those contained in the tax warrant placed in the hands of Robert C. Gilman, collector of the town of Candor, on or about the 29th day of December, 1916, was illegal. The claim made by the respondent that the litigation is academic because the tax warrant has been executed and the moneys paid over to the county we think is not well made.

It seems that the court has power to order and enforce restoration. (Civ. Prac. Act, § 1306.)

Certiorari seems to afford the proper remedy.

The audit of the board of supervisors should be annulled, and the county required to restore the moneys illegally collected to the town of Candor.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Determination of the board of supervisors annulled, with fifty dollars costs and disbursements, and the board of supervisors directed to make restitution of the moneys illegally collected of the relator.