In the Matter of KESBEC, INC., Respondent, against JOSEPH D. MCGOLDRICK, as Comptroller of the City of New York, Appellant.

Argued April 11, 1938; decided July 7, 1938.

*William C. Chanler*, Corporation Counsel (*Paxton Blair*, *Sol Charles Levine* and *Bernard H. Sherris* of counsel), for appellant. The petitioner, having collected the taxes from its customers as agent for the Comptroller, was under a duty to surrender to its principal all collections whether legal or illegal. Since the customers have a direct remedy against the Comptroller, remission to him fully protects the petitioner. (*Matter of Atlas Television Co.*, 273 N. Y. 51; *Matter of Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113; *Spencer* v. *Consumers Oil Co.*, 115 Conn. 554; *Village of Olean* v. *King*, 116 N. Y. 355; *Ross* v. *Curtiss*, 31 N. Y. 606; *Wade* v. *State*, 97 Col. 52; *Tite* v. *State Tax Comm.*, 89 Utah, 404; *State* v. *Matson Co.*, 182 Wash. 507; *People ex rel. Martin* v. *Brown*, 55 N. Y. 180; *Chegaray* v. *Jenkins*, 5 N. Y. 376; *Woolsey* v. *Morris*, 96 N. Y. 311; *La Farge* v. *Kneeland*, 7 Cow. 456; *Carson* v. *Federal Reserve Bank*, 254 N. Y. 218; *Anniston Mfg. Co.* v. *Davis*, 301 U. S. 337.)

*Charles Pratt Healy* and *Robert H. Scholl* for respondent. The Comptroller's determination should be annulled. (*Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y. 668.) The Comptroller cannot base his claim to the fund on grounds of agency. (*Matter of Atlas Television Co.*, 273 N. Y. 51; *Matter of Merchants Refrigerating Co.* v. *Taylor*, 275 N. Y. 113; *Henry County* v. *Standard Oil Co.*, 167 Tenn. 485.) The Comptroller's claim to the fund is based solely on his own ukase which has been judicially declared to be a nullity. (*Matter of Dodge Bros.*, 241 Mich. 665; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8; *Norton* v. *Shelby County*, 118 U. S. 425; *Van Antwerp* v. *State*, 218 N. Y. 422; *People ex rel. Ferguson* v. *Vroman*, 101 Misc. Rep. 233; *Matter of O'Berry*, 179 N. Y. 285; *Matter of Brenner*, 170 N. Y. 185.) The respondent is liable to its customers for the return of the invalid tax collected. Denial of the Comptroller's claim to the fund gives rise to no

" unjust enrichment " of the respondent. (*Wayne County Produce Co. v. Duffy-Mott Co.*, 244 N. Y. 351; *Friend v. Rosenwald*, 124 App. Div. 226; *Solomon Tobacco Co. v. Cohen*, 184 N. Y. 308; *Van Antwerp v. State*, 218 N. Y. 422.)

LOUGHRAN, J. The petitioner, as vendor, collected from its vendees taxes upon sales of gasoline in accordance with Local Law No. 24 of 1934 (published as No. 25) of the city of New York and supplementary regulations promulgated by the Comptroller of the city. One of these regulations attempted to say that the city sales tax base should include State excise taxes on gasoline. In *Socony-Vacuum Oil Co. v. City of New York* (247 App. Div. 163; 272 N. Y. 668), that regulation was declared null and void. This is a certiorari proceeding to review an assessment against the petitioner of the illegal tax thereby prescribed. The amount thereof was deposited with the Comptroller before the order of certiorari was granted, as the local law validly required. (§ 7; *Matter of Western Electric Co. v. Taylor*, 276 N. Y. 309.) The city appeals from an order of the Appellate Division which annulled the determination of the Comptroller and directed refund to the petitioner of the deposit.

The local law was enacted under the authority of enabling State legislation designed to provide revenue for unemployment relief. (*New York Steam Corp. v. City of New York*, 268 N. Y. 137.) " It was by virtue of these enabling acts that the local laws were adopted, and the source of the imposition of these taxes is not to be found in the local laws themselves. The enabling acts were passed by the Legislature for a State purpose, public health and welfare. Both opinions in the *New York Steam Corp.* case emphasize this fact and that the city acted merely as agent of the State, and the concurring opinion stresses the proposition that the Legislature did not delegate its taxing powers to the extent of abdicating its constitutional function." (*John Hancock Mut. Life*

*Ins. Co.* v. *Pink*, 276 N. Y. 421, 426.) While in that aspect this controversy is one between the petitioner and the State, the court below had full power to adjust the rights of the parties upon principles of equity. (Cf. *People ex rel. Forest Commission* v. *Campbell*, 156 N. Y. 64.) Accordingly the prayer of this petition is that " any error committed in said determination and assessment may be reviewed and corrected according to law, and that your petitioner may have such other and further relief as to the court may seem just."

The issue — as the petitioner states it — is merely one of power to lay the challenged assessment. On that basis it is argued that the city is out of court by force of the doctrine that so much of an act as is void neither confers rights nor imposes duties and " is, in legal contemplation, as inoperative as though it had never been passed." (*Norton* v. *Shelby County*, 118 U. S. 425, 442. See Cooley, Constitutional Limitations [8th ed.], pp. 382–384.) So the Appellate Division held. We think the case is by no means so easy of disposition.

The fund was collected by the petitioner from its customers at one of its places of business. In accordance with section 14 of the local law, the petitioner there prominently displayed a " Registration Certificate and Authority to collect City Sales Tax for Relief of Unemployed." This certificate announced that the petitioner was empowered by the Comptroller " to collect for the City of New York " the tax " known as the Sales Tax, the receipts from which are to be used exclusively for the purpose of relieving the people of the City of New York from the hardships and suffering caused by unemployment and the effects thereof on the public health and welfare." The authority so asserted was valid and the collections made by the petitioner thereunder are not questioned, except for the minor fraction representing the Comptroller's erroneous extension of the tax base. We think it is reasonably clear that when a validly designated functionary thus avowedly receives money for a

sound public purpose, he may not keep it merely because a specific edict under which he acted was void. (See *People ex rel. Martin* v. *Brown,* 55 N. Y. 180; *Spencer* v. *Consumers Oil Co.,* 115 Conn. 554.)

Indeed, the petitioner outspokenly disavows any interest of its own in the fund. With candor that does them credit, its counsel say that the many small sums involved rightfully belong to those by whom the payments were made. The Appellate Division was of opinion that whether the petitioner could or would restore the fund to its source was immaterial, and the record of the hearing accorded by the Comptroller to the petitioner leaves that matter in the dark. (Cf. *Van Antwerp* v. *State,* 218 N. Y. 422.) We are thus left with the question of the petitioner's supposed liability to those from whom the sums were collected.

Petitioner got this fund on its declaration that its customers were paying a tax for transmittal to the city treasury for unemployment relief. The valid general authority to the petitioner to collect the city sales tax was disclosed. Petitioner was not bound to ascertain whether the Comptroller's regulations went beyond the limitations of law. The sales tax was not imposed on the vendor. It fell upon the purchaser (*Matter of Merchants Refrigerating Co.* v. *Taylor,* 275 N. Y. 113, 124), and the purchaser had a direct remedy against the Comptroller for a refund under the local law (§ 10). In these circumstances, we think that the deposit with the Comptroller of the moneys illegally exacted should be held to have absolved the petitioner from liability to its payors.

Our conclusion is that the petitioner is not entitled to have returned to it this fund in which concededly it has no beneficial interest.

We express no opinion as to the date of accrual of the refund rights of any person upon whom the illegal tax was imposed.

The order of the Appellate Division should be modified by striking therefrom the direction for refund of the

deposit to the petitioner, and, as so modified, affirmed, without costs.

HUBBS, J. (dissenting). The city of New York illegally assessed a sales tax under Local Law No. 24 of 1934 (published as No. 25) against petitioner, growing out of sales by it of gasoline. (*Socony-Vacuum Oil Co.* v. *City of New York*, 247 App. Div. 163; 272 N. Y. 668.) In this certiorari proceeding petitioner has been awarded a refund of the tax illegally assessed. The Local Law, section 7, required petitioner to deposit the amount of the tax assessed before commencing the proceeding. Acting under compulsion of section 14 petitioner posted a notice to the effect that it was required by the city to collect the tax from its customers. The amount here involved was illegally collected by petitioner from its customers. No question is here involved in regard to regularity of the process under which petitioner acted. Petitioner's contention is that the act itself in so far as it purported to assess the tax collected was void.

The only arguments urged by the city for reversal are equitable. Equitable considerations have no place in this proceeding. In the ordinary certiorari proceeding where one is assessed for a tax and pays it under protest he has the right to have the validity of the assessment tested and the equities are not considered. (*People ex rel. Brisbane* v. *Zoll*, 97 N. Y. 203; *People ex rel. Citizens' Gas-Light Co.* v. *Board of Assessors*, 39 N. Y. 81 at p. 88; *Matter of Scott* v. *Titus*, 131 Misc. Rep. 672.)

The only question in such proceedings is whether the tax is validly assessed. If the tax is not validly assessed the court has the power to order the restitution of the money illegally collected. " Where the determination reviewed is annulled or modified, the court may order and enforce restitution in like manner, with like effect and subject to the same conditions as where a judgment is reversed upon appeal." (Civ. Prac. Act, former § 1306 [repealed L. 1937, ch. 526].)

The questions in such certiorari proceedings are not merely academic as they would be if the court simply declared the tax void but refused a refund of the money. Nor is the party required to bring a separate action for the return of the money paid. (*People ex rel. Town of Candor* v. *Board of Supervisors*, 204 App. Div. 703. See, also, *Haebler* v. *Myers*, 132 N. Y. 363.)

The fact that equitable considerations have no part in the proceeding is especially true in this case since the tax law in question specifically provides a method of testing the validity of the tax in which equitable considerations are important. If the proceeding is brought under section 10 of the Local Tax Law the petitioner has to establish that he has returned the tax illegally collected to the purchaser. That section is undoubtedly provided to allow the courts to arrive at an equitable result. So also is it undoubted that proceedings under section 7 of the Local Tax Law were provided in the law to exclude equitable considerations. The only question here presented is whether the tax was validly assessed. If not, the court should order the return of the money paid, under former section 1306 of the Civil Practice Act.

Furthermore the tax was not paid by petitioner but was merely deposited under protest. The petitioner could not have brought a proceeding to test the validity of the assessment without such a deposit. (Local Law No. 24, § 7.) To say now that he cannot have it back even though the assessment is void is to make the certiorari proceeding a mere academic discussion and to make the law under which the money was deposited a mere trick and snare to deprive the petitioner of a refund, giving him a supposed remedy which is in fact only a gesture.

It is undisputed that the tax was not validly assessed. If the city were to levy such an assessment now on a vendor which had not collected the money from purchasers of gasoline, it is undoubted that the assessment would be annulled. This only serves to make more clear how much a reversal in this case would depend

upon equitable arguments. It is urged that "We need not strain for a legal classification." Yet we did seek for a legal classification in *Matter of Atlas Television Co.*, (273 N. Y. 51). That case illustrates how important a legal classification is at times. It was urged in that case that the vendor of personal property, under the local law became a debtor to the city for the amount of the tax collected by it from its vendees. We expressly rejected that argument although it had been so decided in *Matter of Lazaroff* (84 Fed. Rep. [2d] 982). Thereafter the United States Supreme Court reversed that case placing its decision upon our decision in the *Atlas* case (299 U. S. 522). That reversal was squarely on the legal classification made in this court. Now we are asked to minimize a classification which we were at such pains to reach, when the result of such classification does not accord with our ideas of equity. The petitioner, we have decided, is a taxpayer and not an agent of the city. (*Matter of Atlas Television Co., supra.*) As such it should be held to the duties and given the rights of a taxpayer. One of such rights is asserted here, the testing of the validity of a tax assessment. The principle that an agent cannot question the title of its principal has no application here as the plaintiff is not an agent.

Even were equitable considerations allowed in this case, the petitioner should be allowed to recover. The cases of *Woolsey* v. *Morris* (96 N. Y. 311) and *Carson* v. *Federal Reserve Bank* (254 N. Y. 218, 231) cited to establish that the petitioner would not be liable to the purchasers if it paid over the money to the city, are inapplicable because they are based on the principle of agency. Petitioner was not acting as agent of the city. On the other hand *Wayne County Produce Co.* v. *Duffy-Mott Co.* (244 N. Y. 351) and *Van Antwerp* v. *State* (218 N. Y. 422) are authority for allowing a refund here. In the latter case, in discussing whether the persons who were in the position of the purchasers of gasoline in the present case could recover from the taxpayer in the

position of the petitioner here the court said, " Even if the claim of the respondents is finally disallowed, the customers can, so far as anything appears in the record, recover from them the improper and unauthorized charges made against them." (p. 428.)   WILLARD BARTLETT, Ch. J., wrote as a concurring opinion: " I concur in the conclusion reached by Judge CHASE, on the ground that the brokers who charged their customers with the cost of the stamps are liable to such customers for the amounts so charged, and that, therefore, the brokers must be deemed to have suffered loss within the meaning of the statute." (p. 429.) See, also, *Rickert Rice Mills, Inc.*, v. *Fontenot* (297 U. S. 110).

But there is even a stronger argument in favor of the petitioner having this money returned to it. The purchasers of the gasoline are the real parties interested in this money and a result should be reached which will enable them to secure the return of the money they paid. It may be that in the present case the petitioner cannot show in all instances to whom the money should go, nor does it appear likely that all the customers themselves know that they are entitled to the money. It does appear that the petitioner has records of some sales. But it must be remembered that there are other vendors and vendees of gasoline in New York city who may have better records of sales. Many sales are on charge accounts. Such vendors may be able to bring suit at any time for a refund. A reversal here would forever bar their right to recover in a proceeding against the city.

The refund provisions of the Local Law covering applications by purchasers as well as vendors, are found in section 10 which provides as follows: " The comptroller shall refund any tax erroneously or illegally collected and paid to him if application therefor shall be made within one year from the payment thereof." The date of the " payment thereof " from which the one year limitation runs is without doubt the payment to the vendor of the gasoline. It has been so interpreted by the

comptroller and would be especially so if the vendor were the agent of the city. Whether the date is that date or that of the deposit by petitioner in order to bring this proceeding, the result is the same, that the purchasers are barred. The payments involved were made in the last four months of 1935. The *Socony Case* (*supra*) which declared this tax invalid was decided December 4, 1936 in this court. The deposit in the present case was made May 18, 1937. Considering either date, it is plain that the year has run. If then the city is allowed to keep the money the purchasers will not be able to recover it from the city and the persons really entitled to it will be deprived of it. If the purchasers have in fact a cause of action against the vendors, then the vendors are out of pocket. It would seem that if equitable arguments were allowed, they would weigh heaviest on the side of allowing the petitioner the return of the deposit.

To conclude, the only question in this case is whether the tax assessment was validly made. It is conceded that the assessment is invalid. There never was a payment of the tax but merely a deposit. The return of the deposit should be ordered. Equitable considerations have no place in this proceeding; but even if they had, the equities are in favor of petitioner. It still remains liable to the purchasers in an action for money had and received in which there is a six year statute of limitations. If the money is awarded to the city, the purchasers, who are really the persons entitled to the money, will have been barred from bringing an action against the city. If it is true that the vendor does not remain liable after payment to the city, then the purchasers are out of pocket. If, as seems likely, the vendors do remain liable, then the vendors are out of pocket.

The order of the Appellate Division should be affirmed.

CRANE, Ch. J., O'BRIEN and FINCH, JJ., concur with LOUGHRAN, J.; HUBBS, J., dissents in opinion in which LEHMAN and RIPPEY, JJ., concur.

Ordered accordingly.    (See 278 N. Y. 716.)