A. M. Curtis, Powell A. Casey, J. M. Carville, W. B. Holcombe, Baton Rouge, for plaintiff-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry Fuller, Second Asst. Atty. Gen., C. C. Wood, Baton Rouge, for defendant-appellee.

HAMITER, Justice.

For reasons assigned in Union Producing Company v. Martin, 236 La. 1057, 110 So.2d 99, it is ordered that this appeal be transferred to the Court of Appeal, First Circuit, pursuant to the provisions of LRS 13:4441 and 4442, the record to be filed in such court by appellant within thirty days from the date on which this decree shall become final; otherwise the appeal shall stand dismissed.

110 So.2d 104

**ESSO STANDARD OIL COMPANY**

v.

**Wade O. MARTIN, Secretary of State of State of Louisiana.**

No. 43611.

March 23, 1959.

110 So.2d 104

**KRAUSS COMPANY, Limited,**

v.

**Robert DEVELLE, Director of Finance of the City of New Orleans et al.**

**PHILLIP WERLEIN, LIMITED,**

v.

**Robert DEVELLE, Director of Finance of the City of New Orleans et al.**

Nos. 44215, 44216.

March 23, 1959.

See, also, 235 La. 1013, 106 So.2d 452.

Milling, Saal, Saunders, Benson & Woodward, Irving R. Saal, R. E. Milling, Jr., David J. Conroy, New Orleans, for plaintiff and intervenors-appellants.

Alvin J. Liska, City Atty., William Boizelle, Asst. City Atty., Ernest L. Salatich, Asst. City Atty., New Orleans, for defendants-appellees.

PONDER, Justice.

The plaintiffs in these consolidated suits are seeking to recover from the Director of Finance of the City of New Orleans funds paid under protest to the City of New Orleans representing sales tax on merchandise. They are appealing from judgments in the district court dismissing their suits.

The plaintiffs, merchants of the City of New Orleans, are seeking the refund of city sales taxes collected by them from their customers on merchandise delivered outside the Parish of Orleans. The taxes involved in this suit were levied in one case under the provisions of Ordinance No. 831 of the City of New Orleans, and in the other case under the provisions of Ordinance No. 895 of the City of New Orleans. It is conceded that both of these ordinances have become inoperative by virtue of the passage of Act 29 of 1957, LSA–R.S. 33:2716, which prohibits the city from collecting taxes on sales of merchandise made therein and delivered outside its corporate limits.

In their petition, the plaintiffs allege that the ordinances under which these taxes were collected are unconstitutional. Exceptions were interposed and various interventions were filed on behalf of other mer-

chants in the City of New Orleans. Upon trial the lower court dismissed the plaintiffs' suits and they have appealed.

It appears that the basis of the lower court's finding was the fact that the plaintiffs were not aggrieved within the intendment of Sections 56–96 and Sections 56–97 of the Code of the City of New Orleans because the amounts paid to the city by the plaintiffs as taxes were collected from and passed on to the consumers by the plaintiffs.

The plaintiffs contend that they are specifically given a right to institute these suits under the provisions of Section 15(a) of Ordinance No. 15,201 C.C.S., as amended, which provides:

> "Right of action is hereby created to afford a remedy at law for any dealer aggrieved by the provisions of this Ordinance; * * *."

They take the position that they are aggrieved within the meaning of this provision of the Ordinance. While, on the other hand, the city takes the position that the tax was not imposed on the plaintiffs but upon the purchasers, that they alone had a direct remedy for the refund of such taxes, and that since the plaintiffs are not taxpayers they are without interest to sue for a refund of money that does not belong to them. The city says that the plaintiffs are merely acting in the capacity of agents for the city in the collection of the tax.

■ Neither counsel for the plaintiffs nor the defendant has cited any decision of this Court involving the issue raised herein and we are unable to find any decision wherein such question was posed in this state. However, the decision in the case of Kesbec, Inc. v. McGoldrick, 278 N.Y. 293, 16 N.E.2d 288, 119 A.L.R. 536, wherein the same question was involved seems to be well founded and should be accepted by this Court. In that case the court held that a dealer in gasoline could not recover a refund of taxes on gasoline collected by it from consumers under a city regulation because it had no beneficial interest since the tax was not imposed upon the dealer but fell upon the consumer.

■. There was some suggestion in oral argument before this Court that a small amount of the tax was not collected by the plaintiffs from the consumers, which portion of the tax was actually paid by the plaintiffs. This contention was not urged in the court below and not passed on by the trial judge. In the lower court it was contended that plaintiffs were aggrieved within the meaning of the ordinance as "dealers". This contention is purely an afterthought and will not be considered. We cannot consider contentions raised for the first time in this Court which form no part of the pleadings. Succession of Quinn, 183 La. 727, 164 So. 781; Gaines v. Crichton, 187 La. 345, 174 So. 666; Weingart v. Delgado, 204 La. 752, 16 So.2d 254.

Customers, having paid these taxes, alone would have the right to seek their refund. The plaintiffs have no right to champion the cause of consumers. Certainly is this true where no consumer has appeared in these proceedings. Since we have arrived at the conclusion that the plaintiffs have no right to institute these suits, it is unnecessary to pass upon the questions raised therein.

For the reasons assigned, the judgments in both of these consolidated cases are affirmed at the plaintiffs-appellants' cost.

HAWTHORNE, J., absent on account of illness, takes no part.