HAMITER; Justice
(dissenting).
I am unable to agree with the conclusion reached by the majority
The position assumed by the defendant City of New Orleans under the exception of want of interest, and adopted by this court, is totally inconsistent with its initial levying and enforced collecting of the tax. The sole basis for the levy, as pointed out in our opinion on the exception of no cause of action directed to the petition (see 238 La. 123, 114 So.2d 579), was that plaintiff had exercised rights of ownership to the equipment involved. And in arguing in support of that exception the City urged that the contract between Chrysler Corporation and the United States government created a quasi-ownership of such property in plaintiff. Also, in the answer, filed prior to tendering the instant exception, the defendant specifically denied all of plaintiff’s allegations that it was not the owner. Accordingly, I am of the opinion that the defendant should not in good conscience now contend, and it is error for this court to hold, that such lack of ownership by plaintiff precludes its recovering the tax which it was compelled to pay (on the City’s insistence that it did own the property). To allow the defendant under the exception of want of interest to defeat recovery of the illegally collected tax, after its having challenged facts which if admitted in the first instance would have prevented the enforced collection thereof, is to permit that municipality to unjustly enrich itself at the expense of another in violation of Revised Civil Code Article 1965.
’ Krauss Company, Limited v. Develle, 236 La. 1072, 110 So.2d 104, relied on by the majority, is not applicable or analogous. *511 That case dealt with a sales tax which the plaintiff merchant was compelled under the terms of an ordinance to collect from its •customers. Consequently, we reasoned that the vendor was merely a collector and had -no beneficial interest in the validity of the tax. As we said therein the “tax was not imposed upon the dealer but fell upon the •consumer.” Involved here, on the other hand, is a use tax; and it was imposed on Chrysler Corporation, not on the United States government for which the equipment was purchased and installed. Incidentally, the City was unconcerned with whether Chrysler, because of contractual undertakings with another, might be reimbursed for the amount of the tax if due and paid by it. Too, Chrysler’s only remedy, with respect to the City, was to pay the tax under protest and then to .seek its return. Clearly such remedy, specifically granted by the ordinance, could not be affected by an agreement between plaintiff and the government as to which should ultimately bear the tax indebtedness if found to be due.
Most important, if the City’s position under its exception of want of interest be correct then no one can recover the illegally collected tax involved here. Certainly the United States government cannot, because it has not paid any tax under protest. Indeed, based on that theory the City (at the time of tendering the instant exception) filed exceptions of no right and no cause of action to the government’s intervention.
I respectfully dissent.