GUIDRY, Justice,
dissents and assigns reasons.
|, For the following reasons, I conclude the court of appeal erred in reversing the trial court to find the plaintiff, J-W Power (Power), may serve as an agent for its customers in connection with a demand for the refund of sales taxes paid under protest pursuant to La. R.S. 47:1576.
The principal question is whether Power has a right to bring the action to recover its customers’ taxes paid under protest. In Cox Cable New Orleans, Inc. v. City of New Orleans, 624 So.2d 890, 895-896 (La.1993), this court articulated the following:
An action can be brought only by a person having a real and actual interest which he asserts. La.Code Civ.Proc. art. 681. When the facts alleged in the petition provide a remedy to someone, but the plaintiff who seeks the relief for himself is not the person in whose favor the law extends the remedy, the proper objection is an exception of no right of action. This exception raises the question whether the plaintiff has any interest in judicially enforcing the right asserted. La.Code Civ.Proc. art. 927(5); G.I. Joe Inc. v. Chevron U.S.A., Inc., 561 So.2d 62 (La.1990); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972).
In my view, Power has no real or actual interest in judicially asserting an action for a refund of taxes paid by its customers. While Power collected the taxes and paid it to the Department, Power did not pay any portion of the tax itself. Cox, 624 So.2d at 895 (“Therefore, [a cable television franchisee] does not have a real and actual interest in judicially asserting an action for a refund of taxes paid by someone else. 12 Only the cable television sub *1245 scribers may bring an action against the City to collect taxes improperly imposed upon and paid by them.”); Krauss Co. v. Develle, 236 La. 1072, 110 So.2d 104, 106 (1954) (“[C]ustomers, having paid these taxes, alone would have the right to seek their refund. The [merchant] plaintiffs have no right to champion of the consumers”).
In addition to neither customer being named as a plaintiff in the action, it is more problematic that Power did not reference in its petition that it was acting as an authorized agent of its customers. Power also failed to provide supporting documentation of the existence of an agency relationship or the amounts owed to each of its customers. I disagree with the majority that the Department is not prejudiced by Power’s four-year failure to disclose its agency authority. As this court pointed out in Cox Cable, “[o]ne purpose of the exception of no right of action is to protect a defendant from having to defend an action and possibly to pay a claim which actually belongs to a party other than the plaintiff.” Id., 624 So.2d at 895. With this in mind, the majority places an undue burden on the Department of having to file an exception of no right of action simply to determine the identities of those parties with a vested interest in the litigation due to the plaintiffs knowing and intentional failure to disclose the existence of an alleged agency relationship. The Department raises a legitimate concern that it does not have the personnel or financial resources to ferret out those parties with a viable cause of action when those without legal authority institute suit on their behalf. This concern is further compounded with the Department’s foreseen problems of having to ensure that other tax liabilities of a party entitled to a refund are properly offset before the contested taxes are reimbursed, as well as having to ensure payment is being made to the proper party. Accordingly, I respectfully dissent.