McClendon, j.
li>The Louisiana Department of Revenue seeks review of a district court judgment that reversed the ruling of the Louisiana Board of Tax Appeals and overturned the assessment of sales tax and penalties against the appellee, a Louisiana resident and sole member of a Montana Limited Liability Company that purchased a recreational vehicle in Louisiana. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On December 8, 2007, Robert Lane Thomas, a Louisiana resident, entered into an agreement to purchase a 2008 Mountain Aire RV (“the RV’) with Dixie RV Super Store, which is located in Hammond, Louisiana. On December 11, 2007, Angels Rocks, LLC was formed under the laws of the State of Montana, with the sole member being Mr. Thomas. On December 14, 2007, Angels Rocks purchased the RV for the sum of $351,800.00.[1] The State of Montana subsequently issued a Certificate of Title for the RV in the name of Angels Rocks.
On November 5, 2009, the Louisiana Department of Revenue issued a Notice of Proposed Tax Due to Mr. Thomas, asserting that Mr. Thomas personally owed the sales tax on the RV. The Department issued a final notice on July 20, 2010, asserting that Mr. Thomas personally *340 owed sales tax and penalties totaling $46,509.60.
On March 18, 2010, Mr. Thomas filed a petition for review with the Board of Tax Appeals, alleging that Angels Rocks purchased the vehicle, and as such, he does not personally owe any sales tax to the State of Louisiana. Following a hearing, the Board took the matter under advisement On September 16, 2010, the Board issued a judgment against Mr. Thomas, finding that he was personally liable for the sales tax and penalties.
On October 15, 2010, Mr. Thomas, pursuant to LSA-R.S. 47:1434, appealed the Board’s decision to the 21st Judicial District Court. In response, the | ^Department filed an exception raising the objection of no right of action, asserting that Mr. Thomas’s appeal should be dismissed for failing to follow the procedure outlined in LSA-R.S. 47:1434. The district court denied the Department’s exception. Subsequently, the district court reversed the Board’s decision and dismissed the assessment of sales tax and penalties against Mr. Thomas.
The Department has timely appealed, assigning the following as error:
[ 1] The 21st JDC erred by denying the Department of Revenue’s Motion to Dismiss based upon the Exception of No Right of Action.
[ 2] The 21st JDC also erred by reversing the Louisiana Board of Tax Appeals decision upholding the Department’s assessment against Mr. Thomas for taxes due on the purchase of the RV.
DISCUSSION
In its first assignment, the Department asserts that the district court erred in failing to dismiss the petition because Mr. Thomas failed to follow the procedural steps for judicial review of Board decisions as set out in LSA-R.S. 47:1434. The statute requires that a taxpayer file a petition for review with the district court within thirty days of the Board’s decision or judgment and “post bond, with surety approved by the board ... [as] a condition precedent to the filing of any petition for review in any district court.”[2]
The Department notes that Mr. Thomas did not post the bond for the appeal with the Board at the same time he provided notice of his intention to file his petition for judicial review. The Department avers that the statute requires the posting of bond as a “condition precedent” to filing a petition for judicial |4review. Rather than post a bond, the Board notes that Mr. Thomas filed an “Irrevocable Standby Letter of Credit” on October 27, 2010. The Board asserts that the letter of credit was not a proper “bond” as required by the statute and was untimely insofar as the bond was filed beyond the thirty-day period set forth in LSA-R.S. 47:1434.
In opposition, Mr. Thomas contends that he does have a right to bring an action and that the Department has filed an improper exception. We agree that *341 Mr. Thomas, as a taxpayer against whom a judgment was rendered assessing him with an obligation to pay sales tax, is a member and falls squarely into the class of persons that has a right to appeal an assessment. Nevertheless, our courts look beyond the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding; thus, a pleading is construed for what it really is, not for what it is erroneously called. Rochon v. Young, 08-1349 (La.App. 1 Cir. 2/13/09), 6 So.3d 890, 892, writ denied, 09-0745 (La.1/29/10), 25 So.3d 824, cert. denied, - U.S. -, 130 S.Ct. 3325, 176 L.Ed.2d 1216 (2010). Accordingly, we construe the Department’s motion simply as one to dismiss the appeal.
We also recognize that appeals are favored and should be maintained when possible. Richardson v. North Oaks Hosp., 11-1258 (La.App. 1 Cir. 2/13/12), 91 So.3d 361, 364. “Appeals are favored in the law and should be maintained unless a legal ground for dismissal is clearly shown. An appeal is not to be dismissed for a mere technicality. Unless the ground urged for dismissal is free from doubt, the appeal should not be dismissed.” Stadtlander v. Ryan’s Family Steakhouses, Inc., 34,384 (La.App. 2 Cir. 4/4/01), 794 So.2d 881, 885, writ denied, 01-1327 (La.6/22/01), 794 So.2d 790 (citations omitted).
Mr. Thomas alleges that the Board informed him that it would accept a letter of credit in lieu of posting a bond. Mr. Thomas asserts that he relied on statements made by the Board regarding the time and method for posting the bond, and acquired a letter of credit to serve as his bond. Mr. Thomas further avers that based on these facts, the district court concluded that the Board was |aestopped or otherwise barred from raising issues with regards to the bond on appeal.
A hearing on the Department’s exception was held on May 2, 2011. Kirk Boe, an officer at Hancock Bank,[3] and Kim Pinegar, the legal assistant for Mr. Thomas’s attorney, testified at the hearing. Mr. Boe indicated that he was advised by Marie Williams, Secretary-Clerk of the Board, that the Board would accept a letter of credit in lieu of posting a bond. Mr. Boe also indicated that Ms. Williams informed him that only the notice of intent to appeal was required to be filed by October 18, 2010, and that it was not necessary to have the letter of credit filed at that time.
Ms. Pinegar testified that she telephoned Ms. Williams to verify that the information provided to Mr. Boe was correct. Ms. Williams confirmed that Mr. Thomas would not need to have the letter of credit filed before October 18, 2010, provided that the notice of intent to file an appeal was filed by the October 18, 2010 deadline.
The Board presented no witnesses at the hearing and does not dispute the testimony given by Mr. Boe and Ms. Pinegar.
Under these circumstances, and given that the ground for dismissal urged by the Department is not free from doubt, we find no error in the district court denying the Board’s motion seeking to dismiss the appeal. Assignment of error number one is without merit.[4]
*342 In its second assignment of error, the Department alleges that the district court erred in reversing the Board’s decision. The Department recognizes that while members, managers, and employees of LLCs are protected from debts, obligations, and liabilities of the company, LSA-R.S. 12:1320D provides that | fi“[n]othing ... shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him.... ” The Department contends that Mr. Thomas committed fraud in setting up an LLC in Montana for the sole purpose of avoiding Louisiana sales tax such that Mr. Thomas is individually liable for the sales tax in Louisiana. The Department contends that under the five-factor test supplied by the Louisiana Supreme Court in Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1168 (La.1991), the LLC’s veil should be pierced to hold Mr. Thomas, as the LLC’s alter ego, liable for the taxes.[5]
Even if Mr. Thomas created the LLC to minimize his tax liability, there is no evidence in the record that Mr. Thomas committed fraud. Creating a Montana LLC for the purpose of reducing one’s tax liability does not amount to fraud. We note that “tax avoidance” is defined as “[t]he act of taking advantage of legally available tax-planning opportunities in order to minimize one’s tax liability.” Black’s Law Dictionary 1599 (9th ed.2009) (emphasis added). Contrast “tax evasion,” which is “[t]he willful attempt to defeat or circumvent the tax law in order to illegally reduce one’s tax liability.” Black’s Law Dictionary 1599 (9th ed.2009)(emphasis added).
Further, applying the Riggins factors, the record fails to establish that Mr. Thomas was Angels Rocks, LLC’s alter ego such that the entity’s veil should be pierced.[6]
In making its ruling, the district court stated:
I reviewed the entire file ... I reviewed the case law cited, the statutes, the transcripts from the Board of Tax Appeals in June and August 2010 and am going to reverse the judgment of the Board of Tax Appeal and find Mr. Thomas does not owe the sales tax and |7penalties assessed with the R.V. purchased for Angels Rocks. What he did was permissible under the law ... counsel for Mr. Thomas’s argument is well founded in the law and the statutes.
We find no error in the district court’s ruling. Assignment of error number two is without merit.
CONCLUSION
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal in the amount of $362.00 are *343 assessed to appellant, the Louisiana Department of Revenue.
AFFIRMED.

. Although the purchase agreement was signed by Lane Thomas and Connie Thomas, the buyer was listed as “Angels Rocks, LLC” on the purchase agreement and on the bill of sale.

. Louisiana Revised Statutes 47:1434 further provides, in pertinent part:
Thereafter, and within the thirty calendar days from the date of the rendering and signing of such decision or judgment of the board, the taxpayer may file his petition for review with the proper district court, setting forth specifically any errors which may have been committed by the board in reaching its decision or judgment.
When the district judge has ordered the review, a copy of the order and petition shall be mailed to the secretary-clerk of the board, and the opposing party or counsel representing him, and the order shall command the secretary-clerk of the board to send up within twenty days from the date thereof the original transcript of the record, together with all exhibits and evidence thereto attached ...

. Hancock Bank issued the letter of credit for Mr. Thomas’s appeal to the district court.

. The Board also asserts that Mr. Thomas did not specifically assign any errors nor did he attach a copy of an order to his petition as required by LSA-R.S. 47:1434. However, paragraphs 5 through 11 of Mr. Thomas's petition specifically allege why Mr. Thomas believed the Department's assessment against him was made in error. Additionally, LSA-R.S. 47:1434 does not specifically require that *342 an "order” be filed with the petition. Nevertheless, the district court did sign an order, which was subsequently mailed to the Board, thereby curing any defect.

. Some of the factors courts consider when determining whether to apply the alter ego doctrine include, but are not limited to: 1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings, Riggins, 590 So.2d at 1168.

. Moreover, the record reflects that the vehicle is being housed in Mississippi. Nothing in the record suggests that the vehicle is being housed or used in Louisiana such that any other tax may be owed.