WHIPPLE, C.J.
Chris Lewis, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("DPSC"), housed at Dixon Correctional Institute in Jackson, Louisiana, seeks to appeal the June 20, 2017 judgment of the district court, which dismissed his petition for judicial review at *18 DPSC's costs. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
Lewis is currently serving a sixty-year sentence for armed robbery, running concurrently with a twenty-year sentence for first degree robbery, as imposed on April 8, 1991. In April 2014, Lewis filed a request for administrative remedy procedure ("ARP"), DCI-2014-275, in which he alleged that his master record miscalculated his release date information because it failed to accurately reflect his entitlement to earn good time credits at an increased rate ("double good time") pursuant to Act 138 of the 1991 regular legislative session, as well as failed to accurately reflect good time credits that had been reinstated. Lewis contended that while his original master record reflected his entitlement to double good time, he received a miscalculated master record in February 1991, together with a cover page that indicated he had refused double good time. He further contended that his master record did not reflect his parole eligibility date.
After relief was denied at both steps of the administrative level, Lewis filed a petition for judicial review in the Nineteenth Judicial District Court on February 26, 2015, contending that he was entitled to double good time from the imposition of his sentence. In its answer to Lewis's petition, DPSC denied that Lewis was entitled to earn good time at an increased rate. However, contrary to its previous position, DPSC ultimately filed an Exception of Subject Matter Jurisdiction in the district court below on March 15, 2017, contending that the matter was now moot because there no longer existed a justiciable controversy. Specifically, DPSC represented that despite initially denying Lewis's ARP request, a decision had been made to grant his grievance, and he had in fact been granted double good time. Attached to its exception was a March 10, 2017 copy of Lewis's amended master prison record, listing a good time release date of September 21, 2023, instead of the prior release date of July 3, 2032.
Thereafter, in response to the district court's request for clarification regarding Lewis's good time calculations, DPSC filed a Notice of Compliance on April 4, 2017, clarifying that 1991 La. Acts, No. 138 (providing for double good time) applied prospectively only to that portion of Lewis's sentence that remained after January 1, 1992, the effective date of Act 138.[1] DPSC further explained that Lewis had lost a total of 315 days of good time due to forfeitures. To the Notice of Compliance, DPSC attached another copy of Lewis's master prison record, which set forth the good time credits that had been forfeited.
Lewis opposed the exception, contending that while DPSC had recalculated his sentence, it failed to properly calculate and credit his double good time retroactive to the date of sentencing.
On May 24, 2017, the Commissioner issued his report, in which he concluded that because DPSC had granted Lewis the relief he sought while his petition for judicial review was pending, the issue in Lewis's ARP request is now moot. However, the Commissioner noted that the issue of payment of costs still remained and determined that DPSC should be cast with costs given that its "unnecessary delay" in acting on Lewis's ARP request necessitated this suit. Accordingly, the Commissioner *19 recommended that Lewis's petition for judicial review be dismissed at DPSC's cost. By judgment dated June 20, 2017, the district court dismissed Lewis's petition for judicial review with prejudice at DPSC's costs, in accordance with the Commissioner's recommendation. Notice of judgment was mailed to the parties on June 22, 2017.
Dissatisfied with the relief he received, Lewis sought to obtain review of the June 20, 2017 judgment in this court. Specifically, on August 21, 2017, Lewis filed a "Motion to Proceed In Forma Pauperis,"[2] and, thereafter on August 31, 2017, he filed a "Motion for Notice of Extension of Time to File Appeal." On September 12, 2017, the district court denied Lewis's Motion for Notice of Extension of Time to File Appeal, with the handwritten notation that "[t]he Court has no authority to extend the time for taking an Appeal."
In January 2018, Lewis attempted to file a "Motion to Appeal In Forma Pauperis" with the district court. The district court then mailed Lewis an appellate pauper form on January 26, 2018. The completed pauper papers were filed on March 5, 2018, and the district court granted Lewis's appeal by order dated March 12, 2018. Lewis's motion and order for appeal were ultimately filed in the district court record on that same date, March 12, 2018.
On March 28, 2018, this court issued a show cause order, noting that Lewis's appeal appeared to be untimely and ordering the parties to show cause by briefs why the appeal should or should not be dismissed for that reason. Lewis responded by brief to the show cause order, and by order dated June 25, 2018, the rule to show cause was referred to the panel to which the appeal was assigned. Accordingly, we will address it first.
RULE TO SHOW CAUSE ORDER
An order of appeal may be granted from the court which rendered the judgment, on oral motion in open court, on written motion, or on petition, within the delay allowed. LSA-C.C.P. art. 2121. Pursuant to LSA-C.C.P. art. 2087(A), a devolutive appeal may be taken within sixty days of: (1) The expiration of the delay for applying for a new trial, if no application has been filed timely; or (2) the date of the mailing of notice of the court's refusal to grant a timely application for a new trial. The delay for applying for a new trial shall be seven days, exclusive of legal holidays, with the delay commencing to run on the day after the clerk has mailed the notice of judgment. LSA-C.C.P. art. 1974. Once the seven-day period for filing a motion for new trial has passed with no motion for new trial filed, the judgment becomes final, and appellate delays begin to run. Nelson v. Teachers' Retirement System of Louisiana, 2010-1190 (La. App. 1st Cir. 2/11/11), 57 So.3d 587, 589-590. The appeal delays set forth in LSA-C.C.P. art. 2087 are not prescriptive periods that are subject to interruption; rather, these time limits are jurisdictional. Everett v. Baton Rouge Student Housing, L.L.C., 2010-0856 (La. App. 1st Cir. 5/6/11), 64 So.3d 883, 886, writ denied, 2011-1169 (La. 9/16/11), 69 So.3d 1149.
*20 In the instant case, notice of the June 20, 2017 judgment was mailed on June 22, 2017. Thus, the deadline for filing a motion for new trial was July 3, 2017. Once the delays for filing a motion for new trial passed with no motion being filed, the appeal delays began to run, and Lewis had until September 1, 2017 to timely file a motion for a devolutive appeal. See LSA-C.C.P. arts. 1974 & 2087(A).
The March 12, 2018 motion and order of appeal clearly was not filed within the delays set forth above for perfecting a devolutive appeal of the June 20, 2017 judgment. Nonetheless, within the time delays for perfecting a devolutive appeal, Lewis did file an appellate pauper motion on August 21, 2017, and the Motion for Notice of Extension of Time to File Appeal on August 31, 2017. In his August 31, 2017 motion, Lewis averred that he had filed an appellate pauper motion and an order of appeal on August 13, 2017,[3] but that "the trial court has not ordered a return date since the filing of such Motion so that the petitioner could properly prepare and file his writ [in order] to seek review of the trial court's ruling by the First Circuit Court of Appeal." Lewis further contended that "these actions [have hindered his] rights to seek review, [thus], violating due process." Thus, he requested that his "Motion for Extension of Time for filing appeal of an additional Thirty (30) days be Granted and a return date is set." (Emphasis in original).
Appeals are favored and should be maintained whenever possible. Thomas v. Bridges, 2013-1855 (La. 5/7/14), 144 So.3d 1001, 1010. Moreover, pursuant to La. C.C.P. art. 865, we are required to construe every pleading as to do substantial justice. Woodard v. Upp, 2013-0999 (La. App. 1st Cir. 2/18/14), 142 So.3d 14, 20. To this end, the characterization of a pleading by the litigant is not controlling. Rather, courts should look through the caption of pleadings in order to ascertain their substance. Greene v. Succession of Alvarado, 2015-1960, 2015-1961 (La. App. 1st Cir. 12/27/16), 210 So.3d 321, 339. Moreover, pleadings must be construed reasonably so as to afford litigants their day in court. Vicedomini v. Pelts & Skins, 2001-2268 (La. App. 1st Cir. 2/15/02), 808 So.2d 867, 869, writ denied, 2002-0813 (La. 5/24/02), 816 So.2d 850. Thus, we will determine whether the appellate pauper motion and the Motion for Notice of Extension of Time to File Appeal filed within the devolutive appeal delays were sufficient to preserve Lewis's right to appeal herein. See In re: S.H., 2016-1482 c/w 2016-1483, (La. App. 1st Cir. 2/17/17), 2017 WL 658255, *1-2 (unpublished) (wherein this court, in determining timeliness of an appeal, construed a rule for modification, albeit titled differently, as a motion for new trial and, thus, determined that the appeal delays did not begin to run until the trial court acted upon the motion).
While Lewis apparently mistakenly believed that he had filed a motion and order of appeal together with the appellate pauper motion in August 2017 and while he confused terminology pertaining to writ applications and appeals in this motion, Lewis, a pro se litigant, clearly evidenced his desire and intent to appeal the district court's June 20, 2017 judgment in this pleading and further requested that a return date be set.[4] Thus, although not specifically *21 labeled as a motion for appeal, we view Lewis's Motion for Notice of Extension of Time to File Appeal expansively as a motion for appeal, so as to do substantial justice as required by LSA-C.C.P. art. 865. See McClelland v. State National Life Insurance, 94-2123 (La. 11/18/94), 646 So.2d 309 (per curiam ) (wherein the Supreme Court determined that litigant's motion for new trial and motion to withdraw or amend judgment were documents seeking further review of the denial of his workers' compensation claim and, thus, construed those pleadings "expansively to serve as motions for appeal"). Accordingly, we recall the March 28, 2018 show cause order and maintain the appeal.
DISCUSSION
On appeal, Lewis contends that he still has not been credited with all good time to which he is entitled because he has not been credited with good time for all time he has served on his sentence.
The computation of good time is currently governed by LSA-R.S. 15:571.3. As noted in footnote one, section 1 of Act 138 of the 1991 regular legislative session amended and reenacted LSA-R.S. 15:571.3(B) to provide that inmates in the custody of the Department may earn good time at a rate of thirty days of good time for every thirty days served in actual custody.[5] However, section 5 of Act 138 limited the Act's applicability to provide that its provisions "shall apply only to persons sentenced on or after the effective date of this Act and shall apply prospectively only to the remaining portion of any sentence of any person serving a sentence or sentences on or after the effective date of this Act."
Pursuant to section 5 of Act 138, any change in the amount of good time accrued would not apply retroactively to time already served under a sentence imposed prior to the effective date of the Act, but would apply to the remaining time of a sentence imposed prior to January 1992. Mingo v. Stalder, 98-2798 (La. App. 1st Cir. 9/24/99), 757 So.2d 709, 710. Thus, because Lewis was sentenced in 1991, Act 138 applies only to that portion of his sentence which remained to be served on January 1, 1992, the effective date of Act 138. See Mingo, 757 So.2d at 710. Accordingly, we find no merit to Lewis's contention that pursuant to Act 138, he is entitled to earn double good time retroactive to the date of sentencing.
CONCLUSION
For the above and foregoing reasons, the March 28, 2018 Rule to Show Cause Order is recalled and Chris Lewis's appeal maintained. Furthermore, the June 20, 2017 judgment of the district court, dismissing Lewis's petition for judicial review, is affirmed. Costs of this appeal in the amount of $896.50 are assessed against appellant, Chris Lewis.
RULE TO SHOW CAUSE ORDER RECALLED; APPEAL MAINTAINED; JUDGMENT AFFIRMED.

Section 1 of Act 138 of the 1991 regular legislative session amended LSA-R.S. 15:571.3 to provide for diminution of sentence by good behavior at a rate of 30 days of good time for every 30 days served in actual custody,

An individual who is unable to pay costs of court because of his poverty and lack of means may be allowed to prosecute a judicial proceeding in the appellate court without paying costs in advance or as they accrue or furnishing security therefor. LSA-C.C.P. art. 5181(A) ; Rogers v. Stalder, 2006-0647 (La. App. 1st Cir. 2/14/07), 2007 WL 466748, *1 (unpublished). However, where the individual is incarcerated for the commission of a felony, the court shall require the individual to advance costs in accordance with a schedule. LSA-C.C.P. art. 5181(B) & (C).

AS noted above, the appellate pauper motion was actually filed in the district court on August 21, 2017.

While Lewis contended in this pleading that he had filed a motion and order of appeal with the appellate pauper motion on August 13, 2017, no motion or order of appeal filed at or around that time appears in the record. Moreover, Lewis does not refer to a motion for appeal filed in August 2017 in his brief filed in response to the Show Cause Order.

The good time rate set forth in LSA-R.S. 15:571.3 has been amended since Act 138 of 1991, to increase the rate of good time subject to certain limitations on eligibility. However, the applicability of those subsequent amendments and the effect, if any, on Lewis's sentence, are not at issue in this ARP request.